Johanson v. Johanson.

---

No. 25,773.

JOHAN JOHANSON, *Appellee,* v. (ANNA L. JOHANSON et al., *Appellees*) THE FIRST NATIONAL BANK OF HAYS CITY, *Appellant.*

SYLLABUS BY THE COURT.

WILLS—*Construction—Nature of Estate Created.* The provisions of a will considered, and *held,* the testator's wife was given an estate in fee in a tract of land, and not a life estate only.

Appeal from McPherson district court; WILLIAM G. FAIRCHILD, judge. Opinion filed March 7, 1925. Affirmed.

*Frank O. Johnson,* of McPherson, for the appellant.

*P. J. Galle, James L. Galle, James A. Cassler,* all of McPherson, and *W. P. Campbell,* of Wichita, for the appellees.

The opinion of the court was delivered by

BURCH, J.: The action was one for partition of real estate devised by will of P. J. Johanson. The First National Bank of Hays City had purchased at execution sale the interest of a devisee, Constant Johanson. The extent of this interest depended on proper interpretation of the will. The district court held the will gave the testator's widow an undivided half of the land in controversy, in fee, and not a life estate only. The bank appeals.

A copy of the will, to which the testator's wife consented, follows:

"I, P. J. Johanson, of Lindsborg, McPherson county, Kansas, do hereby make, publish and declare this my last will and testament in manner and form following:

"First. I direct that all my just debts and funeral expenses be paid as soon after my decease as can conveniently be done.

"Second. That my real estate, consisting of the northwest quarter of section one (1) and the west one-half of the northwest quarter of section three (3), all in township seventeen (17), range three (3) west of the 6th P. M., McPherson county, Kansas, and the north one-half of lot seventy-seven (77) on Main street, Lindsborg, Kansas, shall be divided as follows: One-half

to my beloved wife, Anna L. Johanson, and one-half to my nine children, Johan, Emma, Anna, Laura, Adolph, Adelia, Constant, Ontario, and Clarence, each and every one to receive an equal share in the one-half of the above described real estate. In consideration of having paid and advanced to my son Constant Johanson the sum of fourteen hundred and seventy-six and $^{68}/_{100}$ dollars ($1,476.68), my will is that this amount be deducted from his share and interest in said real estate, due credit to be given for any payment made to me by the said Constant Johanson. The amount so deducted to be credited to the other eight children named above, share and share alike.

"Third. I give, devise and bequeath to my wife, Anna L. Johanson, the following property to be hers absolutely and forever, to wit: Lots number twelve (12), fourteen (14), and sixteen (16), on Saline street, Church addition to the city of Lindsborg, Kan., with all the buildings and appurtenances thereto belonging, all the furniture, and all household goods therein. Provided, however, that in case the real estate mentioned in paragraph two is sold, it is my will that my wife, Anna L. Johanson, shall invest the proceeds in desirable bonds or other securities, or deposit the money in some bank at the current interest, and that she shall use the annual interest for her support, the principal to remain intact.

"Fourth. All the rest and residue of my estate, real, personal or mixed, wherever situated, of which I may die seized or possessed, or to which I may be entitled at the time of my decease, I give, devise and bequeath one-half to my beloved wife, Anna L. Johanson, and one-half to be equally divided between my nine children.

"Fifth. After the death of my wife, Anna L. Johanson, it is my will that her estate shall be divided equally between my nine children, share and share alike, and that my children in my first marriage shall share alike with the children in my second marriage."

It will be observed that in devising the 240 acres the testator said the tract should "be divided" among devisees, one-half to his wife and one-half to his nine children, while in devising the city property to his wife (item three), and the residue of his estate to his wife and children (item four), he used the expression "give, devise and bequeath." The bank contends the difference in phraseology indicates the wife took a life estate only in the land described in the second item. This cannot be true, because the nine children took in fee by virtue of the same words, "shall be divided," and it is not possible the words should mean one thing for the children and something less for the wife. The words are operative words of transfer only, have no signification with respect to quantity of estate transferred, and the wife took in fee, the same as the children, unless her interest was limited by subsequent provisions of the will.

The bank contends the estate devised to the wife by the second item of the will was limited to her life by the proviso contained in

the third item and by the expression of will stated in the fifth item. There can be no doubt that the testator desired his wife should keep intact the proceeds of any sale of the land, and live on the income, and that he desired her estate to be distributed among his children, without discrimination against the children of his first marriage. Unless, however, the proviso in the third item and the fifth item are regarded as precatory, the devisor died intestate with respect to the remainder after his wife's life estate in the 240-acre tract.

The second item relates to specific property, 240 acres of land. The third item relates to specific property, town lots and buildings and furniture and household goods. The fourth item relates to property not specified in the second and third items, and could not embrace a remainder after the wife's life estate, because she is a devisee. The fifth item does not relate to the testator's estate at his death. It relates to his wife's estate—"her estate"—after her death, which, if disposed of by will, must be disposed of by her will duly executed, and not by his will.

The statute requires that a will shall be construed as conveying all the estate of the testator, unless it clearly appears that he intended to convey a less estate. (R. S. 22-258.) It does not clearly appear that the testator intended to give his wife a life estate only in the 240-acre tract, and leave the remainder after the life estate to descend to his heirs. On the other hand, it is manifest from the entire will that he did not intend to die intestate, and there are indications in the will itself that the proviso of the third item, and the fifth item, were mere expressions of desire.

The words "for her life," or equivalent words, are not found in the devise to the wife contained in the second item, and the idea of a remainder in fee belonging to the testator, after giving his wife a life estate, does not appear to have been present in his mind. The proviso in the third item was not placed at the end of the second item, where it naturally belonged if intended as a limitation. The proviso applies in case of a contingency only, and in case of a contingency which necessarily involves power of the wife to convey in fee; and it was just such a wise admonition as a husband, anxious for the welfare of a wife inexperienced in business, might give. The words "it is my will" do not appear in connection with unequivocal dispositions of property. They appear only in the proviso and in the fifth item, and, as indicated, the fifth item is nugatory unless it be regarded as expressing a wish.

The court concludes that Anna L. Johanson was given an estate in fee, and not for life only, by her husband's will, and the judgment of the district court is affirmed.