No. 25,540.

Electa V. Donohue, *Appellant*, v. Edwin Skinner, Robert Dono-
hue Watson, Iva Pratt, Lizzie A. Laphan, et al., *Appellees.*

SYLLABUS BY THE COURT.

1. Wills—*Construction—Devises.* Where the will of a testator makes an
absolute devise of all his real estate to the wife, and a subsequent clause of
the instrument purports to devise to others the property which the wife
may own at the time of her death, the later clause does not operate to
limit or lessen the absolute gift made in the earlier clause.

2. Same—*Nature of Estate Created.* The terms of the will do not warrant an
interpretation that the wife was given only a life estate in a part of the
real estate with a remainder over to certain relatives.

Appeal from Wyandotte district court, division No. 1; Edward L. Fischer,
judge. Opinion filed April 11, 1925. Reversed.

*Joseph L. Landrey, E. S. McAnany, M. L. Alden, T. M. VanCleave,* and
*O. L. Miller,* all of Kansas City, for the appellant.
*H. J. Smith,* and *Thos. J. White,* both of Kansas City, for the appellees.

The opinion of the court was delivered by

Johnston, C. J.: In this action the plaintiff, Electa V. Donohue,
sought the construction of the will of her deceased husband and a
judgment quieting her title to certain real estate claimed by Lizzie
Lapham and Haskell Lapham under a provision of the will. Under
the construction placed upon the will by the trial court, a part of
the property was adjudged to belong to the defendants. Plaintiff
appeals.

The material parts of the instrument of which a construction is
asked are as follows:

"2nd. I give, devise and bequeath unto my said wife, Electa V. Donohue,
all of my real estate situated and located in the county of Hamilton and state
of Kansas or elsewhere that I may own or possess at the time of my death
forever.

"3rd. I give and bequeath unto my said wife all of the personal property,
etc., and so forth.

"4th. I give and bequeath unto my said wife all moneys in banks and
elsewhere, bank notes, bills of all kinds, etc. & etc. I now constitute and
appoint my said wife Electa V. Donohue my executrix without bond etc., etc.

"5th. I further devise and bequeath at the death of my said wife I give
and bequeath one-half of the estate she may have as follows: One third of
one-half of said estate to my nephews and niece herein named in equal pro-
portions to Edwin Skinner, Robert Donohue Watson and Iva Pratt; and one-

third to my sister Lizzie A. Lapham, and one-third to my nephew A. Haskell Lapham; and if either Mrs. Lapham or A. Haskell Lapham should die, the amount herein named shall descend to the other. It is distinctly understood that I only devise one-half of my wife's estate at her death, that is this day agreed between us in this will, in section fifth."

John J. Donohue, the husband of the plaintiff, died July 17, 1918. The will which he made was admitted to probate on August 22, 1918. The property of the plaintiff and her husband was the accumulation they had made after their marriage in 1880, part of which stood in the name of the husband and a part in the name of the wife. They had no children. In July, 1906, each of the parties made a will, in which the husband devised everything to his wife and the wife everything to her husband. Since her husband's death the will of plaintiff had been destroyed and another made.

The second clause of the will, in plain and unambiguous language, gives to the wife forever all the real property owned or possessed by the testator. In subsequent clauses he bequeathed all personal property including moneys, bonds, notes and bills, that he should own at the time of his death. There can be no question that the words of the clause devising his real property shows an obvious intent to give to the wife outright a fee title to all the real estate of the testator. The defendants rightly contend that the intention of the testator is to be ascertained from a consideration of all the provisions of the instrument, and they insist that the fifth clause of the will discloses an intention to limit the devise to one-half of the real estate owned by the testator and only a life estate in the remaining half, which at her death should pass to the children named in the proportions stated. An examination of that provision shows that it does not purport to devise the property of the testator, but did undertake to give to his relatives one-half of the estate which the wife might own at her death. The provision may be construed as the expression of a desire that the wife should thus dispose of a certain share of her own property owned by her at her death, but it was not a devise of the property of which the testator died seized. At the most it was a precatory provision, an expression of a desire that she give the children a share of the property which she might own at the time of her death. (*Johanson v. Johanson*, 118 Kan. 103, 233 Pac. 1039.) There was nothing in the terms used restricting the gift made to the wife, but the plain import of the language used was an attempt to devise property which he did not own—an attempt to devise a part

of her estate, however much she might accumulate in the future or from whatever source derived. Possibly the testator may have entertained the notion that upon marriage the legal existence of the wife was merged in that of her husband; that in the eyes of the law both are to be regarded as one person; that the husband is the one, and hence he had the right to dispose of her property. In any event, he had no right to devise the property owned by the wife any more than that owned by a neighbor. The later clause does not provide that the devise expressly made to her should be limited or reduced, but twice therein it is stated in explicit terms that he is devising her estate—a property which was not within his right of disposition. It is not a case of inconsistent gifts, nor an attempt to cut down the devise of his own property, but only purports to give the estate which the wife owned at her death. To diminish or encumber an absolute gift it is necessary to find or supply language in the later clause equally as plain and unequivocal as in that of making the gift, expressing an intention to limit the devise already made. The language employed, given its ordinary meaning, does not create a trust in his property in favor of the children or reduce the devise to his wife, but is an attempt to say what disposition shall be made of the property of the wife. A will is to be interpreted and the intention of the testator determined by the language therein expressed. We cannot infer that he meant one thing when he said another; we cannot insert a provision that he was devising his own property when he expressly said that he was devising that of another. The words used in the clause upon which the defendants claim are explicit, and in their ordinary sense leave no room for an interpretation that the testator intended to restrict the unequivocal devise of all his real estate to his wife forever.

It follows that the judgment must be reversed and the cause remanded with directions to enter judgment in favor of the plaintiff.