No. 40,005

In the Matter of the Estate of Willie J. Osborn, an Incompetent Person, J. M. Forbes, *Appellant,* v. Laurance R. Mulliken, Guardian of the Person and Estate of Willie J. Osborn, an Incompetent Person, et al., *Appellees.*

(295 P. 2d 615)

Opinion filed April 7, 1956.

*V. J. Bowersock,* of Columbus, argued the cause, and *F. E. Bowersock,* of Columbus, was with him on the briefs for the appellant.

*Laurance R. Mulliken,* of Columbus, argued the cause, pro se, as guardian, and *William P. Meek,* of Baxter Springs, was with him on the briefs for appellee, Laurance R. Mulliken, guardian of the person and estate of Willie J. Osborn, an incompetent person.

No appearance by other appellees.

The opinion of the court was delivered by

Parker, J.: This proceeding was commenced in the probate court of Cherokee County by Pearl K. Jeffery, who filed a petition in that court asking for the removal of J. M. Forbes, as guardian of the

person and estate of Willie J. Osborn an incompetent, and for her appointment as guardian, on grounds Forbes was incapable of performing the duties of his trust and such action would be for the best interest of the incompetent. Forbes filed an answer to the petition in which he denied all charges relied on by the petitioner as grounds for his removal and asked she be denied all relief sought by her.

Following a full and complete hearing in probate court that tribunal made and entered its findings, order and judgment wherein it removed Forbes as guardian but, instead of complying with Jeffery's request, appointed Laurance R. Mulliken, as guardian of the person and estate of such incompetent. Thereupon, as authorized by G. S. 1949, 59-2401 (2), Forbes took an appeal from such orders and judgment to the district court of Cherokee County by giving notice to all interested parties, including Mulliken.

When the case reached district court Mulliken was allowed to file a motion requesting the appointment of a guardian *ad litem* for the incompetent. He was also permitted to file an answer wherein, among other things, he alleged his appointment as guardian; admitted allegations, in the probate court petition and answer, of no importance to the appellate issues involved; denied generally all other allegations of those pleadings; averred that he was a proper and suitable person to act as guardian of the incompetent; asserted that the orders and judgment of the probate court were proper and should be sustained and then, as successor guardian, prayed for judgment in conformity with the judgment rendered by the probate court. Thereafter Forbes moved for an order striking Mulliken's motion and answer from the files on grounds that (1) all allegations thereof were immaterial to the action and the issues to be tried; (2) that Mulliken was neither a necessary nor proper party to the action and had no interest in the issues from which the appeal from probate court was perfected; (3) that the issues joined by the pleadings in probate court by petitioner Jeffery and Forbes, *i. e.*, the petition and his answer, were the only issues to be tried by the district court on appeal; (4) that Mulliken was an intermeddler in the action and the district court on appeal had no jurisdiction to hear or determine the issues raised by him in his answer and motion. When this motion to strike was overruled the court appointed Joe L. Henbest, as guardian *ad litem*, who filed an

answer and appeared thereafter in that capacity on behalf of the incompetent.

Subsequently, and asserting he was doing so as the duly qualified and acting guardian of the incompetent, Forbes demurred to Mulliken's answer on grounds it showed on its face it did not state facts sufficient to constitute a cause of action for the removal of Forbes, as guardian, the appointment of Mulliken as a successor guardian, or entitle the latter to the relief claimed in his answer. When this demurrer was overruled Forbes filed an answer wherein, again describing himself as the duly appointed, qualified, and acting guardian of the incompetent, he reasserted the matters relied on in his demurrer by way of defense, admitted immaterial allegations of Mulliken's answer and then denied all others of consequence.

With the original petition and answer in probate court, as well as the pleadings heretofore described as having been subsequently filed by Mulliken and Forbes, before it the district court called the case for trial and proceeded to hear evidence. Mulliken then called Paul Armstrong, one of the attorneys for Jeffery at the hearing in probate court. Immediately Forbes objected to the introduction of any evidence in the case on the ground the pleadings filed did not state facts sufficient for a cause of action or grounds for the relief prayed for. This objection was overruled and the court proceeded to hear the testimony. After Armstrong had been asked a few questions someone directed attention to the fact that Jeffery had made no appearance. Thereupon inquiry was made of Armstrong as to whether she was going to participate in the appeal. The record discloses he made, among other things, the following reply to such inquiry: "The statement I made immediately preceding was a voluntary appearance for and on behalf of Pearl K. Jeffery, but as far as any evidence is concerned, she does not desire to introduce any evidence in this matter."

The trial court then permitted Mulliken to proceed with the introduction of his evidence. When all such evidence was adduced Forbes demurred thereto for the reason there had been no evidence to show cause for the removal of the guardian and no evidence recognized by law for the removal of a fiduciary. When his demurrer was overruled he then proceeded to adduce his evidence and rested. Mulliken then introduced evidence in rebuttal.

Without attempting for the moment to make further reference to the lengthy record of the evidence abstracted it may be stated

that at the close of all such evidence, and after taking the matter under advisement for a few days, the court made, as we are advised, findings of fact almost identical with those made by the probate court at the time of the rendition of its judgment, which read:

"1. That Willie J. Osborn believes that he was not properly consulted about the appointment of the said J. M. Forbes as his guardian, and does not approve of the same nor of the selection of attorneys by said guardian and further believes that said guardian and his attorneys are not properly handling and managing his estate, and because of such persistent belief upon the part of the said Willie J. Osborn, he has become and continues to be extremely nervous, agitated, and obstreperous and threatens bodily harm and violence to said guardian and his attorney.

"2. That because of the belief of the said Willie J. Osborn concerning the said guardian and his attorney, and its resultant effect upon the mental condition, health, and well being of the said Willie J. Osborn, the continuance of J. M. Forbes as guardian of his person and estate is detrimental to the health, mental condition, and general welfare of Willie J. Osborn and is a threat to the public peace and order.

"3. That it would be to the best interests of Willie J. Osborn that J. M. Forbes be removed as guardian of his person and estate.

"4. That Laurance R. Mulliken of Columbus, Kansas, is a suitable and proper person to be appointed guardian of the person and estate of Willie J. Osborn, an incompetent person."

And then as disclosed by the journal entry, after overruling Forbes's motion for a new trial, rendered the following judgment:

"IT IS, THEREFORE, BY THE COURT ORDERED, that the order of the Probate Court of Cherokee County, Kansas, entered on the 26th day of February, 1955, removing J. M. Forbes as guardian of the person and estate of Willie J. Osborn, an incompetent person, and appointing Laurance R. Mulliken as successor guardian of the person and estate of Willie J. Osborn, an incompetent person, be, and the same is hereby approved and adopted as the judgment and decree of this court; and it is further ordered that the said J. M. Forbes shall, within 45 days, file with the Probate Court his final account as such guardian, and shall pay and deliver to Laurance R. Mulliken as successor guardian all of the money, property, and assets of said estate in his possession or under his control; and it is further ordered that the costs of this action be taxed against the estate of said incompetent person, including a fee of one hundred dollars to the guardian ad litem."

Following action by the court as heretofore indicated Forbes perfected the instant appeal.

At the outset appellant contends the district court did not have jurisdiction to try and determine the subject matter of the action. Let us see. The record discloses that issues were joined in the probate court respecting his removal as guardian and the appointment of a new fiduciary; that the probate court tried those issues and

then rendered judgment removing him as guardian and appointing Mulliken; that the appellant took an appeal from those orders to the district court under provisions of the statute (G. S. 1949, 59-2401 [2]) which not only authorized such an appeal but gave that court power and authority to hear and determine the very orders therein involved. Under such circumstances we have no difficulty in concluding the trial court had jurisdiction of the subject matter of the action. In fact in view of appellant's own statements, thrice repeated, once in his abstract and twice in his brief, to the effect his appeal to district court was from all orders, judgment and decisions made by the probate court, we have some doubt as to the seriousness of arguments made by him to the contrary.

Next, in attempting to establish the merits of the motion to strike Mulliken's answer from the files and the demurrer to such answer, it is urged that since he was not named in the initiatory proceedings in probate court he was not a proper and necessary party on appeal to district court. We think what has already been stated, coupled with the fact that appellant himself saw fit to consider Mulliken as a party to the action by serving him with a notice of appellant's appeal to district court from all orders made by the probate court affords sufficient ground for rejecting this contention. Even so, since it is conceded that at the time appellant had been removed and Mulliken appointed, our decision need not be based entirely on such a conclusion. Soon after the enactment of the probate code this court decided that an appeal from an order appointing a fiduciary does not revoke the order but merely suspends its operation after the appeal is taken and until it is determined. (See *Hutchinson v. Pihlblad,* 157 Kan. 392, 395, 139 P. 2d 835.) And in a later decision, *In re Estate of Weaver,* 170 Kan. 321, 224 P. 2d 1004, held:

"On appeal from a judgment appointing an individual as the sole executor of the estate of a deceased person such fiduciary is a necessary party to the appeal and must be made a party thereto." (Syl. ¶ 2.)

See, also, 39 C. J. S. Guardian and Ward, 75 § 46 k (2), which reads:

"The newly appointed guardian is a necessary party to an appeal by the former guardian. On an appeal by a guardian from an order removing him, any person showing his right to be heard may, without being formally entered as a party, bring the appeal to a hearing. . . ."

We are not disposed to labor contentions advanced by appellant in support of his motion to strike Mulliken's answer from the files,

based on the theory the filing of such answer resulted in the commencement and trial of a new and independent proceeding in district court. As we have heretofore pointed out the all decisive issue in probate court from the very commencement of the proceeding was whether appellant was to be removed and a new guardian appointed and that was the issue there heard and determined. The decision with respect thereto was appealed to the district court where Mulliken, who before being appointed as guardian had neither occasion nor necessity for filing a pleading in any court, was permitted to file an answer and the appellant a response thereto. These pleadings in no sense changed the fundamental issue involved in the case which was then tried and determined by the district court on the basis of such issue as presented under all the pleadings of record. In our opinion, the statute itself (G. S. 1949, 59-2408) makes it clear that the trial court's action in permitting the filing of the additional pleadings, under the existing conditions and circumstances, did not result in the commencement, or for that matter the trial, of a new and independent action.

Appellant also contends the trial court erred in failing to dismiss the case upon Jeffery's failure to appear and prosecute the proceeding which she had commenced in probate court. We believe the record discloses she made a voluntary appearance in district court through her attorney but it must be conceded that through the same source the court was advised she did not desire to introduce any evidence and, to that extent, as appellant points out, was no longer pressing the proceeding she had instituted in the probate court. The short and simple answer to appellant's position on this point is that at the time of the ruling on this motion the district court was concerned with the disposition of appellant's appeal from the probate court's judgment and, under the statute (G. S. 1949, 59-2408), was required to hear and determine such appeal.

Coming closer to the merits of the action appellant next contends that the heretofore quoted findings of fact of the trial court are not supported by the evidence. This contention must, of course, be determined in the light of the rule, established by this court in a long and unbroken line of decisions, that where a trial court makes findings of fact our only function on appeal is to ascertain whether there is substantial competent evidence to support the findings as made, and not whether some evidence appears in the record which would have supported contrary findings had such

court seen fit to make them. For a few of our more recent decisions where this rule is discussed, applied and adhered to see *In re Estate of Johnson,* 176 Kan. 339, 270 P. 2d 293; *In re Estate of Davis,* 175 Kan. 107, 110, 259 P. 2d 211; *In re Estate of Jones,* 174 Kan. 506, 514, 257 P. 2d 116; *In re Estate of Johannes,* 173 Kan. 298, 245 P. 2d 979; *Shotzman v. Ward,* 172 Kan. 272, 279, 239 P. 2d 935; *Bradbury v. Wise,* 167 Kan. 737, 208 P. 2d 209. Numerous decisions of like import will be found upon reference to West's Kansas Digest, Appeal & Error, §§ 1010 (1), 1011 (1); Hatcher's Kansas Digest [Rev. Ed.], Appeal & Error, §§ 507, 508.

Nothing would be gained by detailed reference to all the testimony of record. It suffices to say that we have examined all evidence appearing in the abstract and in the counter abstract and after a careful analysis of what is to be there found, particularly that set forth at length in the counter abstract, we have become convinced a conclusion the trial court's findings of fact 1 to 4, incl., as set forth in the journal entry and heretofore quoted, are supported by substantial competent evidence is inescapable. The result, under the rule to which we have last referred, is that such findings must be regarded as conclusive and will not be disturbed on appellate review even though, as appellant points out, there is evidence which, if the trial court in weighing the testimony had given it credence, might have warranted contrary factual findings.

Finally appellant contends that under our statute neither the probate nor the district court had power under the provisions of G. S. 1949, 59-1711, relating to all types of estates, to remove him for the reasons set forth in the findings, which for present purposes can be summarized as based on grounds (1) that appellant's continuance as guardian of the person and estate of Osborn would be detrimental to the health, mental condition and general welfare of such incompetent and would be a threat to the public peace and order and (2) that it would be to the best interests of such incompetent that appellant be removed as guardian of his person and estate. Assuming, arguendo, that 59-1711, *supra,* providing that a fiduciary may be removed whenever he becomes insane *or otherwise incapable of performing the duties of his trust,* is the only statute authorizing the removal of a guardian, we think our own decisions, and a well-known authority on Kansas probate law, preclude the upholding of appellant's position. See *Achenbach v. Baker,* 151 Kan. 827, 101 P. 2d 937, where, in approving the removal of a tes-

tamentary trustee based on a finding his removal was for the best interest of the beneficiaries, this court held:

"The record is examined in an action wherein a trustee of a testamentary trust was removed for cause, and it is held that the finding of the court that his removal was for the best interest of the beneficiaries was supported by substantial, competent testimony and will not be disturbed." (Syl. ¶ 3.)

And see, also, *Pedroja v. Pedroja*, 152 Kan. 82, 102 P. 2d 1012, where this court approved the action of the trial court in removing a testamentary trustee and appointing a new trustee, based on findings that in the interest of harmony and efficient management of the trust the plaintiff trustee should be removed and a new trustee appointed. And see 2 Bartlett Kansas Probate Law and Practice (Rev. Ed.) p. 498 § 989 where, with specific reference to the force and effect to be given the same section of the statute, it is said:

"The statute relating to the removal of fiduciaries gives a very broad discretion to the court, evidently intending not to define or limit the disabilities which should be the cause of removal, but to leave room for the application of the power to all causes which may occur to render the execution of a will, or the administration of an estate, perplexed or difficult. . . . But when friction exists and probably will continue to exist between the fiduciary and the beneficiaries of the trust, removal of the fiduciary and appointment of a new fiduciary may be proper in the interest of harmony and efficient management of the trust. Incidental to the court's paramount duty to see that trust estates are properly managed is its power to remove fiduciaries for cause. . . ."

In leaving the point now under consideration it should perhaps be stated that even if 59-1711, *supra*, had not been construed as above indicated we would have no difficulty in concluding that there are other provisions of the probate code which must be regarded as granting the probate court in the first instance and on appeal the district court power to remove guardians of incompetents for good and sufficient cause. We refer to G. S. 1949, 59-301 (6), providing that probate courts shall have power "to appoint and remove guardians for minors and incompetent persons, to make all necessary orders relating to their estates, etc." And G. S. 1949, 59-301 (12), providing that such courts "shall have and exercise such equitable powers as may be necessary and proper fully to hear and determine any matter properly before such courts." The sections of the statute last mentioned are so clear and understandable we do not believe they require citation of authorities tending to support the views just expressed respecting the import to be

given their terms. But see 39 C. J. S., Guardian and Ward, 65, 73 §§ 44, 46 j; 25 Am. Jur., Guardian and Ward, 39 § 56; Woerner, American Law of Guardianship, 113, 503 §§ 36, 150; Taylor, Law of Guardian and Ward, 156, 157; 5 Bancroft's Probate Practice (2d Ed.) 413 § 1439, clearly demonstrating their soundness and an additional conclusion that the best interests of the ward constitute good and sufficient cause for the removal of the guardian.

Contentions made by appellant regarding error in the overruling of his motion for a new trial are the same as those heretofore considered, discussed and determined, hence they require no further attention.

The judgment is affirmed.