No. 40,578

In the Matter of the Estate of Rosa Farabi, Deceased.   (Frank J. Rondelli, *Appellant,* v. Pete Farabi, et al., *Appellees.*)

(317 P. 2d 427)

Opinion filed November 9, 1957.

*D. G. Smith,* of Girard, and *Charles J. Rondelli,* of Pittsburg, argued the cause and were on the briefs for the appellant.

*J. P. Gendusa,* of Pittsburg, argued the cause, and *Pete Farabi,* of Pittsburg, was with him on the briefs for the appellees.

The opinion of the court was delivered by

Parker, C. J.: This is an appeal from an order refusing to appoint one of the several sons of a decedent as administrator and a judgment granting administration to a person having no interest in such estate.

Rosa Farabi, a resident of Crawford County, Kansas, died intestate on April 6, 1955, leaving as her only heirs at law Marino Rondelli, John Rondelli, Joe Rondelli and Frank J. Rondelli, sons by her first marriage to Frank Rondelli; also Angelo Farabi, Mary L. Blessant, Hugo Farabi and Pete Farabi, children by her second marriage to Louis Farabi; and Lana Lee Farabi, Terry Farabi and Stephen Farabi, children of her deceased son, Barney Farabi.

Within a few days after decedent's death Frank J. Rondelli filed a petition praying for the appointment of her son, Joe Rondelli, as administrator of her estate.   Thereafter the Farabi children filed a petition requesting the appointment of Mary L. Blessant as administratrix of such estate.   It may be stated, that from that time on, both in probate and district courts, all the Rondelli children actively

participated in efforts to have Joe Rondelli appointed administrator while all the Farabi descendants were equally active in advocating the appointment of their sister, Mary L. Blessant, as administratrix.

Following a spirited hearing the probate judge of Crawford County denied both petitions for administration and made an order appointing Robert O. Karr of Girard, a disinterested person, as administrator of the decedent's estate. It is interesting to note that in connection with its orders and judgments that court made the following finding:

"The court further finds that both Joe Rondelli and Mary L. Blessant are competent persons to serve as administrator herein; but due to the two antagonistic factions among the heirs as represented by these two persons and that a just, fair and equitable administration of this estate will require a firm and impartial person to conserve the estate and promote the just interests of all concerned, the court finds that neither Joe Rondelli nor Mary L. Blessant are suitable persons to be appointed administrator herein."

The respective petitioners promptly perfected appeals to the district court from the foregoing orders and judgments. Thereafter such appeals came on for hearing on the merits in district court where, after a *de novo* trial in which all parties were represented by counsel and had an opportunity to and did present evidence in support of their respective positions with regard thereto, that court, on September 18, 1956, made the following findings:

"Thereupon evidence was introduced by the parties herein and the Court finds that Joe Rondelli represents the Rondelli heirs, and Mary L. Blessant, formerly Mary L. Farabi, represents the Farabi heirs, and that two antagonistic factions have developed among the heirs as represented by these two persons and that a just, fair and equitable administration of this estate will require a firm and impartial person to conserve the estate and promote the just interests of all concerned; and the Court finds that neither Joe Rondelli nor Mary L. Blessant are suitable persons to be appointed administrator herein.

"The Court further finds that Robert O. Karr, a practicing attorney of Girard, and a resident of Crawford County, Kansas, is a competent, suitable, disinterested and proper person to be appointed administrator of said estate, and that on the 31st day of August, 1955, the Probate Court of Crawford County, Kansas, appointed Robert O. Karr as administrator of the estate of Rosa Farabi, deceased; that he qualified as such administrator, and that Letters Testamentary were issued to him on said August 31, 1955, which letters have not been revoked and are still in full force and effect as of this date; and that said order of the Probate Court of Crawford County, Kansas, entered herein on August 31, 1955, should be sustained."

And, based on such findings, rendered its judgment ordering and directing "that the order of the Probate Court of Crawford County,

Kansas, entered herein on August 31, 1955, wherein the said Probate Court appointed Robert O. Karr as administrator of the estate of Rosa Farabi, deceased, is sustained." and "that the matter herein stated be certified by the Clerk of this Court to the Probate Court of Crawford County, Kansas, for further proceedings."

In passing it should perhaps be noted that the foregoing findings, orders and judgment are copied verbatim from a journal entry which the court, itself, was forced to prepare and sign without approval of the litigants' attorneys who, after a hearing, were unable to agree upon the form and contents of that instrument.

Upon rendition of the foregoing judgment Frank J. Rondelli filed a motion for a new trial and when it was overruled perfected the instant appeal wherein, under proper specifications of error, he is entitled to a review of questions raised as grounds for reversal of the judgment.

The first contention advanced by appellant is that the district court's judgment is erroneous because it failed to make an independent finding upon the merits of the cause and merely affirmed, adopted and ratified the order and judgment of the probate court. The trouble with all arguments advanced on this point is that appellant misconstrues the force and effect to be given such judgment as reflected by the journal entry. Resort to excerpts from that instrument, as heretofore quoted, discloses specific findings to the effect neither Joe Rondelli nor Mary L. Blessant were suitable as fiduciaries, that the best interests of the estate of the decedent, and all persons concerned therein, required the appointment of some other person, whether interested in the estate or not, and that Robert O. Karr was a suitable, disinterested and proper person to be appointed as administrator of the estate. In the face of such findings it cannot be successfully argued the district court did not make an independent order of its own upon the record presented. This, we may add, is true notwithstanding its over-all judgment sustains the order of the probate court appointing Karr as administrator of the decedent's estate.

The general rules governing the disposition of an appeal such as is here involved have been considered, discussed and applied in at least two of our decisions, involving somewhat similar facts and circumstances, and are now so well-established that there can be no serious dispute respecting them. For that reason, and since it is well to have such principles in mind in disposing of further conten-

tions made by the appellant requiring their application, we shall make reference thereto at this point.

In *In re Estate of Anderson,* 168 Kan. 299, 212 P. 2d 375, we held:

"G. S. 1947 Supp. 59-705 pertaining to the appointment of an administrator of a decedent's estate does not compel the appointment of one of the next of kin who is unsuitable to discharge the trust.

"In order for a next of kin to qualify as an administrator under the first classification of G. S. 1947 Supp. 59-705 such person must be not only competent but suitable as well.

"In determining the question of suitability the appointing court is of necessity clothed with wide discretionary power and where the record fails to disclose an abuse of such power the decision will not be disturbed on appeal." (Syl. ¶¶ 1, 2 & 5.)

See, also, *In re Estate of West,* 165 Kan. 483, 195 P. 2d 616, where it is held:

". . . (2) the probate courts, and on appeal the district courts, of this state are vested with discretionary power in determining whether persons are suitable to act as administrators, and such power when exercised will be upheld unless abused (G. S. 1947 Supp. 59-705).

"In determining who is entitled to be appointed administrator under the first classification to be found in G. S. 1947 Supp. 59-705, the court vested with the appointing power is only required to give consideration to persons who seek to be appointed to the position or are selected by those who would, except for their selection, be eligible under its terms to be considered as applicants therefor.

"A person entitled, under the first classification of G. S. 1947 Supp. 59-705, to be considered for appointment as an administrator of an estate or to select some third person for that position waives those rights by failure to assert them." (Syl. ¶¶ 1, 2 & 3.)

For a more general discussion, on the subject of preference in the appointment of administrators under the Kansas probate code, supporting principles laid down in the foregoing decisions, see 2 Bartlett's Kansas Probate Law And Practice § 631, pp. 176 to 181, incl.

Another rule to be remembered in disposing of contentions, presently to be considered, is to be found in *In re Estate of Osborn,* 179 Kan. 365, 295 P. 2d 615, where, with specific reference to our review of findings made by a district court, in an appeal from probate court, in a proceeding instituted under existing provisions of the probate code, it is held:

"On appeal findings of fact will not be disturbed if supported by substantial competent evidence, and in the determination of that question the appellate court does not weigh the evidence but is concerned only with whether it supports, or tends to support, the findings as made by the trial court. (Following

*Pearcy v. Williams,* 163 Kan. 439, 183 P. 2d 243, and other decisions cited in the opinion.)" (Syl. ¶ 3.)

With rules established we now turn to additional questions raised by appellant as grounds for reversal of the judgment. The first of these, and we may add the one which, from the standpoint of his brief and oral argument, appears to be considered by appellant as the most important, is that there was no evidence of record showing or tending to show, as the trial court found, that Joe Rondelli was not a suitable person for the appointment as administrator of his mother's estate.

Much of appellant's argument on the point now under consideration is based upon the proposition that Joe Rondelli was competent to act as administrator. To concede this claim does not mean that such arguments are entitled to consideration or weight in determining whether the record discloses any evidence to support the trial court's finding that he was not suitable.

See *In re Estate of West,* p. 486, *supra,* where it is said:

". . . Under our statute a person who seeks appointment as an administrator at the hands of a proper court must be both competent and suitable. He may be competent. He may not be disqualified. Even so in the eyes of the appointing power he may not be a suitable person. By its use of the word 'suitable' we think the legislature intended to and did vest the probate courts, and on appeal the district courts, of this state, with discretionary power in determining whether persons were unsuitable to act as administrators which when exercised must be upheld unless abused . . ."

See, also, *In re Estate of Anderson,* Syl. ¶ 2, *supra.*

In view of appellant's persistent, somewhat heated and oft repeated statements to the effect there was no evidence whatsoever of unsuitability of Joe for the appointment we have made an extended examination of the record and have carefully scrutinized the testimony of each and every witness testifying for the respective parties. Having done so we are convinced it would do the contesting litigants no favor and be of no benefit to the bench and bar of this state to encumber this opinion by detailing its contents. It suffices to say that our examination of the record in the manner just indicated discloses some express testimony, and other testimony from which proper inferences might be drawn, to the effect that for at least ten years prior to the death of Rosa Farabi there has been misunderstanding, discord, strife, bad feeling, suspicion and antagonism between the direct descendants of Louis Farabi on the one side and the direct descendants of Frank Rondelli on the other.

Confronted by such evidence, and applying the rule of *In re Es-*

*tate of Osborn,* supra, heretofore quoted, this court is forced to conclude there is substantial competent evidence of record to sustain the trial court's factual finding that two antagonistic factions have developed among the heirs represented by Joe Rondelli and Mary L. Blessant and that its conclusion with respect thereto cannot be disturbed.

One further question is entitled to consideration in disposing of the present claim of error. Is substantial competent evidence of the character heretofore quoted sufficient to uphold the trial court's finding and judgment that neither Joe Rondelli nor Mary L. Blessant are suitable persons to be appointed administrator of the estate of Rosa Farabi, deceased? The answer to that question is to be found in one of our own decisions to which we adhere. See *In re Estate of Anderson,* p. 302, *supra,* where it is said:

"Here we have two antagonistic factions among the heirs. It was obvious to the trial court, as it is to us, that a just, fair and equitable administration of the estate would require a firm and impartial hand to conserve the estate and promote the just interests of all concerned. A qualified disinterested person was a wise choice under these circumstances."

No one questions the competency or suitability of Robert O. Karr to be appointed administrator of the decedent's estate. Therefore the trial court's judgment in sustaining the probate court's action in appointing him to that position must be upheld unless there is some other sound legal reason which makes him ineligible. Appellant argues this appears because under the circumstances the district court had no discretion other than to appoint either Joe Rondelli or Mary L. Blessant. In view of our conclusion the evidence was sufficient to uphold the trial court's finding that neither Joe nor Mary were suitable for the appointment this claim lacks merit and cannot be upheld. (*In re Estate of Anderson,* Syl. ¶ 1, *supra.*) If perchance it be contended that under the statute (G. S. 1949, 59-705 [1]) some of the other heirs were eligible for the appointment or any heir had a right to request the selection of an administrator the existing circumstances do not warrant the upholding of any such contention. The record discloses all such rights had been waived by failure of the persons named in such statute to assert them. (*In re Estate of West,* Syl. ¶ 3, *supra.*)

We find nothing in the record or in the contentions advanced by appellant to warrant a reversal of the judgment. Therefore it must be and is affirmed.

It is so ordered.