MORROW D. BROWN v. HOWARD DUNLAP.

No. 14,019. (79 Pac. 145.)

SYLLABUS BY THE COURT.

PRACTICE, SUPREME COURT—*Review of Order Refusing to Appoint Administrator.* It is the duty of the probate court in the appointment of an administrator to ascertain and determine whether one who is an applicant therefor is a suitable person to administer the estate, and if it be found that he is not a suitable person, and there is substantial evidence to support the finding, this court will not disturb an order made thereon refusing to appoint such applicant.

Error from Lyon district court; DENNIS MADDEN, judge.   Opinion filed January 7, 1905.   Affirmed.

*J. G. Hutchison*, and *Kellogg & Madden*, for plaintiff in error.

*Buck & Spencer*, and *Graves & Hamer*, for defendant in error.

The opinion of the court was delivered by

GREENE, J.: The litigation had its origin in the application of plaintiff in error to the probate court of Lyon county to be appointed administrator of the estate of J. Hardin Baird, deceased.   Baird, a resident of Lyon county, died leaving a will in which he designated Howard Dunlap as his executor.   It appears that he left an estate of $45,000 or $50,000 undisposed of, and it was to administer this estate that the plaintiff in error made his application.   The only relatives of the deceased living in Kansas were Mrs. E. J. Curtis, a first cousin, and the applicant, a second cousin, both of whom reside in Lyon county. Mrs. Curtis refused to accept the appointment.   The plaintiff in error contended that after the refusal of Mrs. Curtis he was the next of kin, within the meaning of that expression as used in our statute, and, as a matter of law, entitled to such appointment.   His application was resisted by some of the heirs.   It may be said, however, that the evidence introduced was generally for the purpose of showing the relationship of the applicant to the deceased.   The court made findings and rendered judgment thereon as follows :

"And now, on this 29th day of May, A. D. 1903, pursuant to due and legal notice given to all parties interested, and all parties being present in person or by

attorneys, the applications of Mr. Morrow D. Brown and of Mrs. E. J. Curtis to be appointed administrator of the estate of J. Hardin Baird, deceased, come on to be heard, and for convenience both were submitted and considered by the court together ; and all parties having announced themselves ready for trial, the court proceeded to hear the matter ; each party thereupon presented their evidence, respectively ; the matter was argued by counsel and submitted to the court for decision ;   .   .   .   and being fully advised in the premises, finds that   .   .   .   these two applicants are the only relatives at law of said J. Hardin Baird who reside in the state of Kansas or Lyon county.  Pending said trial, the applicant E. J. Curtis withdrew her application and requested the court to appoint Mr. Howard Dunlap, who is now the executor of the nuncupative will of said J. Hardin Baird.   .   .   .

"The court further finds that the character and condition of the said estate is such as to require a person of special qualifications to administer upon said estate, so as to best subserve the interests of the parties interested therein, and he did not think applicant Morrow. D. Brown was such a person, but on the contrary finds him to be an unsuitable person to administer this particular estate."

The court thereupon appointed Howard Dunlap administrator.  From the finding and judgment thus rendered the applicant prosecuted error by a bill of exceptions to the district court.  That court affirmed the judgment and orders of the probate court.

Section 2817 of the General Statutes of 1901, which provides for the appointment of executors and administrators, reads :

"Administration of the estate of an intestate shall be granted to some one or more of the persons hereinafter mentioned, and they shall be respectively entitled thereto in the following order, to wit :

"*First*, His widow, or next of kin, or both, as the

Brown v. Dunlap.

court may think proper ; and if they do not voluntarily either take or renounce the administration within thirty days after the death of the intestate, they shall, if resident within the county, upon application of any one interested, be cited by the court or judge for that purpose.

"*Second*, If the persons so entitled to administration are incompetent, or evidently unsuitable for the discharge of the trust, or if they neglect, for twenty days after service of said citation, without any sufficient cause, to take administration of the estate, the court shall commit it to one or more of the principal creditors, if there be any competent and willing to undertake the trust.

" *Third*, If there be no such creditors, and the court is satisfied that the estate exceeds the value of one hundred dollars, the court shall commit administration to such other persons as it shall deem proper."

Whether the plaintiff in error was the next of kin, and therefore entitled, as a matter of law, to be appointed administrator of the estate, we are not called upon to decide. The court found that he was not a suitable person to administer the estate, and refused to appoint him. Such finding is conclusive unless we can say that there was no substantial evidence to support it. The estate was valued at about $75,000, a part of which had been disposed of by will. Howard Dunlap was the executor of such will and was at the time administering that portion of the estate. The court found that Howard Dunlap was especially qualified to administer the estate and that he was a man of large business experience. The evidence tends to prove that plaintiff in error was a young physician twenty-six years of age, who had been practicing medicine four years ; that he came to Kansas and settled at Emporia for the purpose of practicing his profession four months previous to his making application

to be appointed administrator of this estate. There was no evidence tending to show that he had had any experience whatever in business or financial matters. He was upon the witness-stand and testified before the probate judge. These facts were sufficient for the probate court to form a reasonably correct opinion as to his suitableness for the office he sought, and it having found against him on such question, this court is bound by such finding.

The judgment of the court below is affirmed.

All the Justices concurring.