WAVERLEY TRUST COMPANY, petitioner.

Middlesex.    May 22, 1929. — June 27, 1929.

Present: RUGG, C.J., CROSBY, PIERCE, SANDERSON, & FIELD, JJ.

*Probate Court,* Jurisdiction.  *Executor and Administrator.  Statute,* Construction.  *Words,* "Next of kin."

Under the provisions of G. L. c. 193, § 1, as amended by St. 1928, c. 216, a probate court has jurisdiction, in the exercise of sound discretion by the judge, to appoint a trust company on its petition as administrator of the estate of a woman who had died intestate in this Commonwealth, where it appears that at the time of the death of the intestate her only next of kin was her father, who had died domiciled in this Commonwealth before the presentation of the petition for administration, leaving a will, of which the trust company was executor and under which his only heir at law and next of kin, a daughter, sister of the intestate and also of this Commonwealth, was sole beneficiary; and that such sister requested that the petition be granted: the provisions of G. L. c. 194, §§ 4, 5, do not require the appointment of a public administrator in such circumstances.

PETITION, filed in the Probate Court for the county of Middlesex on January 14, 1929, for appointment of the petitioner as administrator of the estate of Mary A. Wolff, late of Belmont, who died on January 9, 1920.

The petition was heard in the Probate Court by *Leggat,* J. From the record it appeared that Louis Joseph Wolff, the father of Mary A. Wolff, who was living at the time of her death, died in Belmont, and that the Waverley Trust Company was appointed executor of his will; and that Louise C. Hickie, the sister of Mary A. Wolff and also of Belmont, was a devisee under the will of said Louis of all the property he had received from the estate of Mary.  Other material

facts are stated in the opinion. By order of the judge, a decree was entered dismissing the petition. The petitioner appealed.

*A. L. Taylor*, (*E. C. Parks* with him,) for the petitioner.

RUGG, C.J. This is a petition by the Waverley Trust Company for appointment as administrator of the estate of Mary A. Wolff, hereafter called the deceased. It is brought at the request and with the consent of her sister, Louise C. Hickie, who at present is her only next of kin. The intestate died in 1920. Her only heir at law and next of kin was her father, who died in 1927 leaving a will, duly proved and allowed, whereby all the property inherited by him from the intestate was devised to Louise C. Hickie. The only persons interested in the estate of the deceased are the petitioner, who is the executor of the will of the father, and Louise C. Hickie, the sister of the deceased. The petitioner was found to be a suitable person to act as administrator. Upon these facts a decree was entered dismissing the petition upon the ground that it was not brought by, or at the request of, an heir of the deceased as provided by G. L. c. 194, §§ 4, 5, and that the court was without jurisdiction to appoint the petitioner under the statutes. Whether this ruling was correct depends upon those sections read in connection with G. L. c. 193, § 1.

It is provided by said § 4, so far as here material, that "a public administrator shall . . . take out letters of administration . . . upon the estates of persons who die intestate . . . if there is no known . . . heir of such deceased living in the Commonwealth at the time of the petition." By said § 5, a public administrator shall not be appointed if an heir claims the right of administration or requests the appointment of some other suitable person. G. L. c. 193, § 1, as amended by St. 1928, c. 216, is in these words.

"Administration of the estate of a person deceased intestate shall be granted to one or more of the persons hereinafter mentioned and in the order named, if competent and suitable for the discharge of the trust and willing to undertake it, unless the court deems it proper to appoint some other person:

"First, The widow or surviving husband of the deceased.

"Second, The next of kin or their guardians or conservators as the court shall determine.

"Third, If none of the above are competent or if they all renounce the administration or without sufficient cause neglect for thirty days after the death of the intestate to take administration of his estate, one or more of the principal creditors, after public notice upon the petition.

"Fourth, If there is no widow, husband or next of kin within the Commonwealth, a public administrator."

The right of administration is given to "the next of kin," G. L. c. 193, § 1, as amended, while the requirement for appointment of a public administrator exists only in the event of "no known husband, wife or heir," G. L. c. 194, § 4. A distinction appears thus to be drawn in case of intestacy between those who are distributees of the personal property, whether blood relations alone or blood relations and husband or wife, *Swasey* v. *Jaques*, 144 Mass. 135, 137, 138; *Haraden* v. *Larrabee*, 113 Mass. 430, 431, and those who as heirs take an estate of inheritance immediately upon the death of the owner, *Lavery* v. *Egan*, 143 Mass. 389, 392; *Proctor* v. *Clark*, 154 Mass. 45, 50.

It is manifest that the deceased left next of kin in the Commonwealth at the time of her death, because her father was then living. It is equally manifest that since his death, and at the time of filing this petition, the sister has been the next of kin of the deceased. Ordinarily the heirs of a person are to be ascertained at the time of his death. In a popular as well as in the strictly accurate sense, heirs mean those who take an estate of inheritance in the property of a person at the time of his death. *State Street Trust Co.* v. *Sampson*, 228 Mass. 411, 413. *Boston Safe Deposit & Trust Co.* v. *Stratton*, 259 Mass. 465, 477. Yet we cannot think that it was the intent of the Legislature that where a decedent leaves a father, who under the statutes is the sole heir at law but who dies before taking administration of the estate of his deceased child, a public administrator must in every instance be appointed to settle the estate to the utter exclusion of resident brothers and sisters inheriting the entire estate of their father, and regardless of their just desires. It is not an in-

flexible rule that under no circumstances can the heirs of a person be ascertained as of a date later than that of death. *Fargo* v. *Miller,* 150 Mass. 225. *Codman* v. *Brooks,* 167 Mass. 499, 504. *Boston Safe Deposit & Trust Co.* v. *Blanchard,* 196 Mass. 35, 40. However that may be commonly in cases arising under written instruments, we are here confronted with a problem of statutory construction.

The true meaning of G. L. c. 193, § 1, as amended, is that the part preceding the word "First," including the final words, "unless the court deems it proper to appoint some other person," modifies and is in effect incorporated into each of the succeeding clauses numbered respectively, "First," "Second," "Third," "Fourth." That is also its legal interpretation. While the legislative enumeration of classes and preferences is strong, it is not absolutely imperative. It has an element of flexibility to the extent that for sound judicial reasons appealing to the wisdom and conscience of the judge. the statutory order of precedence may be varied and some other suitable person be appointed, provided the interests of all parties concerned will be promoted thereby.

There is a slight difference in the arrangement and in the phraseology of G. L. c. 193, § 1, as amended, when compared with the corresponding earlier provisions in R. L. c. 137, § 1. The preliminary report of the commissioners to consolidate and arrange the General Laws contains no note as to the purpose of the change, and no intimation on the subject is found in the report of the joint special committee. Examination of the successive forms of the statute does not lead us to any different conclusion as to its signification from that already stated. Whether the present form of the statute is nothing more than a mere verbal change in the revision, not varying its meaning, *Main* v. *County of Plymouth,* 223 Mass. 66, 69, or something more substantial in nature, *Boston & Maine Railroad* v. *Billerica,* 262 Mass. 439, 449, need not now be discussed.

Envisaging the several pertinent sections of the statute as a whole, its design and effect as applied to the facts here disclosed appear to be that, under G. L. c. 193, § 1, as amended, the judge of probate had power in the exercise of sound

judicial discretion to appoint the petitioner, on request of the sister of the deceased and sole person interested, as administrator of her estate, and that there was no absolute compulsion resting on him in these circumstances under G. L. c. 194, §§ 4 and 5, to appoint a public administrator. See *Morgan* v. *Morgan*, 267 Mass. 388.

> *Decree dismissing petition reversed.*
> *Petition to stand for further hearing*
> *on its merits.*