No. 36,825

In the Matter of the Estate of Hazel Del Paronto, Deceased. (JIM BOYKIN and RUSH V. SMITH, Petitioners, and BESSIE COONER and THE PLANTERS STATE BANK, as Guardian of the Estate of James Francis Paronto, Intervenors, *Appellants*, v. DONALD R. ARMSTRONG, *Appellee.*)

(180 P. 2d 302)

C. A. SPENCER, judge. Opinion filed May 3, 1947.

*James P. Mize,* of Salina, argued the cause, and *Oscar Ostrum,* of Russell, and *C. L. Clark,* of Salina, were with him on the briefs for the appellants.
*Harold W. McCombs,* of Russell, was on the briefs for the appellee.

The opinion of the court was delivered by

SMITH, J.: This proceeding originated as a petition for the appointment of an administrator filed by a creditor and a surviving partner of the decedent. After a hearing upon issues joined by the filing of a written defense to the petition on the part of one who claimed to be the legal representative of the sole heir at law, the probate court appointed as administrator the party who filed the written defense. On appeal the district court appointed the same person the probate court had appointed. The two original petitioners, the custodian of the minor and the duly appointed guardian of the estate of the minor, have appealed.

There is not much dispute about the facts.

The two petitioners alleged that one was the surviving partner of the decedent and the other was a creditor of her estate as the result of having performed services at her funeral. The petition further alleged that the decedent was survived by James Francis Paronto, three years old, who was her only heir at law·and who was at that time in the physical possession of Donald Armstrong; that the probable value of the decedent's estate was personal property of the value of $3,500; and that the appointment of an administrator was necessary. The appointment of Dean S. Landon was asked.

This petition was filed April 8, 1946. It was set down for hearing and a notice published. Copies of the notice were mailed to James Francis Paronto and to Donald R. Armstrong as guardian. On May 4, 1946, Donald R. Armstrong filed a written defense to the petition in which he alleged that he was the duly appointed, qualified and acting guardian of the estate of James Francis Paronto, and that he was filing his defense as such guardian and as the legal representative of the sole heir of the decedent. He also alleged that as legal representative of the sole heir of the decedent he was entitled to be appointed administrator of the estate; that Boykin, one of the petitioners, was not the next of kin of decedent and was not entitled to petition the court for the appointment of an administrator, and Smith, who claimed to be a creditor, had no preferential right to ask for the appointment of an administrator. Armstrong prayed that petitioners' prayer be denied, and that as legal representative of

the sole heir at law of the decedent he be appointed administrator.

On May 4, 1946, the petitioners filed their request for the appointment of a guardian *ad litem* to represent James Francis Paronto at the hearing. In this they alleged that he, a minor child, was the sole heir at law of the decedent and that on the hearing for the appointment of an administrator some disinterested and capable person should be appointed by the court as guardian *ad litem* for him; that the matter of the guardianship and custody of the minor child was pending on appeal in the district court of Russell county and also a habeas corpus proceeding filed directly in the supreme court of the state involving the right to his custody. No guardian *ad litem* was appointed pursuant to this request.

On May 4, 1946, the probate court appointed Donald R. Armstrong as administrator. It recited that the court found an administrator should be appointed; that Donald R. Armstrong was a suitable and proper person to act as administrator and that he should be so appointed upon his taking the oath and giving bond in the amount of $10,000.

Boykin and Smith, the petitioners, appealed to the district court. The probate court failed to transmit the entire record in the probate court, as required, but when the matter came on to be heard in the district court the parties stipulated that all the files should be considered.

On July 11, 1946, Boykin and Smith filed in the district court a motion wherein they alleged that Boykin was an uncle and surviving partner of the deceased and the administrator of the partnership estate and that Smith was a creditor; that James Francis Paronto was an orphan and minor and the decedent's sole heir; that in the matter of the appeal the moral character and fitness and the capacity of Donald R. Armstrong to serve as administrator was involved; that on April 15, there was commenced in the supreme court an action entitled *"Ed Paronto et al v. Donald Armstrong"* which was a habeas corpus proceeding to determine Armstrong's right to the care and custody of James Francis Paronto; that it was then pending and necessarily involved in it was the moral character and fitness of Donald R. Armstrong and they asked the court to hold the action in abeyance until the supreme court should finally determine the habeas corpus proceeding. Apparently no formal disposition of this order was ever made.

On August 31, 1946, Boykin and Smith filed in the district court

a reply to the written defense Donald R. Armstrong had filed in the probate court. In this reply they denied that Armstrong was the duly appointed, qualified and acting guardian of the estate of James Francis Paronto. They alleged that Armstrong was no kin of the child; that he was not a creditor of either the child or decedent; that he was neither an heir nor devisee of the decedent and that he occupied no fiduciary relationship toward either the child or the decedent. They further alleged that all these matters had been fully adjudicated by the order of the supreme court, dated July 10, 1946, and the opinion of the court filed August 7, 1946, entitled *"Ed Paronto et al v. Donald Armstrong et ux"* and were *res judicata* and Armstrong was estopped to deny them; that Armstrong had no standing in the proceeding to interfere or object to the petition for administration and that he was in nowise fit, qualified or competent to serve as administrator. They prayed that the order of the probate court appointing Armstrong administrator be set aside and that they have the relief prayed for in their original petition in probate court.

On the 7th of October, 1946, Bessie Cooner, as legal custodian of James Francis Paronto and The Planters State Bank, as guardian of the estate of James Francis Paronto, filed their motion for leave to intervene. At the hearing of this motion on October 7, 1946, the intervenors presented the petitions they intended to file on behalf of the minor child should they be permitted to intervene. In its petition the bank alleged that it was the duly appointed, qualified and acting guardian of the estate of James Francis Paronto; that it was to the best interests of the minor and the estate that Dean S. Landon be appointed administrator; that Donald R. Armstrong was no heir of decedent and had no interest in the estate and had no authority or right to object to the appointment of Dean S. Landon; that he was not a proper person to be appointed administrator. Bessie Cooner in her petition alleged that James Francis Paronto was an only child of Hazel Del Paronto and her sole heir; that the child resided with the intervenor at her home in Dickens county, Texas, and that she was the mother and only surviving parent of the decedent. She alleged she was the legal custodian of James Francis Paronto; that Armstrong was no kin of the child and not a creditor of decedent and had no fiduciary relationship and he was wholly unfit to serve as administrator; that she had read the pleadings filed by Boykin and Smith and

consented thereto and she prayed that Dean S. Landon be appointed administrator. The district court denied the motion for permission to intervene.

At the trial before the district court Boykin testified that decedent was killed in an automobile accident, and at the time of her death was a partner with him in the operation of a beauty shop; that she also owned some bonds and insurance; that she was a widow at the time of her death and had only one child, James Francis Paronto; that Boykin was the duly appointed, qualified and acting administrator of the partnership estate. He further testified that Smith had furnished the funeral services and his bill was a little more than $500 and had not been paid; that at the time of the trial James Francis Paronto was with his grandmother in Texas. He testified that he desired that Dean S. Landon be appointed administrator of the decedent's estate. Evidence was introduced of the funeral account and that Dean S. Landon was a proper and fit person to be administrator. There was evidence that The Planters State Bank of Salina was the guardian of the estate of James Francis Paronto. There was no evidence offered other than our opinion in *Paronto v. Armstrong,* 161 Kan. 720, 171 P. 2d 299, as to the fitness or lack of fitness of Donald R. Armstrong to be administrator.

The petitioners offered in evidence our opinion in *Paronto v. Armstrong,* supra. This offer was refused by the trial court on the ground that it did not tend to prove any issue. The offer was renewed at the hearing of the motion for a new trial and again refused. The matter which gave rise to the offered opinion was an original habeas corpus proceeding in which the uncle and maternal grandmother of the minor James Francis Paronto were plaintiffs and Donald R. Armstrong and Ruby Armstrong, his wife, were defendants. Our commissioner heard evidence and made a report. The court decided the case on the merits and handed down the opinion August 7, 1946. The proceeding was pending at the time of the hearing in the probate court. It had been finally decided at the time of the hearing in the district court. In the presentation of the case the Armstrongs had argued they had been made custodians of the child by his mother during her lifetime and Donald Armstrong had been appointed guardian of his estate and of his person by the probate judge of Russell county, the same probate judge who heard the initial proceedings in this case. The commissioner found that Arm-

strong had been appointed guardian without notice to anyone. There was no dispute about those facts. We gave custody of the child to Bessie Cooner, the maternal grandmother. In the course of the opinion we held the appointment of Armstrong as guardian of the person and estate of James Francis Paronto was not only void as a matter of law but so far as Donald Armstrong was concerned it was obtained under circumstances which did no credit to his honor or integrity.

We shall consider the opinion in *Paronto v. Armstrong*, supra, not as proof of any fact at issue in this action but as establishing as a matter of law that Armstrong's appointment as guardian was void and he was a stranger to any of the proceedings in this action. This becomes important here because the trial court pointed out that while it had the same jurisdiction and power as though the controversy had been commenced by proceedings in that court, the court did not feel that it should overrule or interfere with the judgment or order of the probate court appointing Armstrong administrator unless good cause was shown for doing so. It will be remembered that in his written defense filed in probate court the sole ground upon which Armstrong sought to be named administrator of the estate was that he was the legal representative of the sole heir at law and hence was entitled to be appointed.

The court pointed out that the petition asked for the appointment of Dean S. Landon and that it was admitted by all parties he was duly qualified to accept the trust and that for some reason not shown the probate court disregarded this request and appointed Armstrong. The court also pointed out that nothing was shown by the record to indicate that Armstrong was not fully qualified to accept the trust.

G. S. 1945 Supp., 59-705, provides as follows:

"Administration of the estate of a person dying intestate shall be granted to one or more of the persons hereinafter mentioned, suitable and competent to discharge the trust, and in the following order: (1) The surviving spouse or next of kin, or both, as the court may determine, or some person or persons selected by them or any of them. (2) If all such persons are incompetent or unsuitable, or do not accept, administration may be granted to one or more of the creditors, or to a nominee or nominees thereof. (3) Whenever the court determines that it is for the best interests of the estate and all persons interested therein, administration may be granted to any other person, whether interested in the estate or not."

The trial court quoted this section and held it was not obligated to appoint the nominee of a creditor, citing *In re Estate of Grattan*,

155 Kan. 839, 130 P. 2d 580, where we stated that the probate court had a measure of discretion with respect to the appointment of an administrator. The court also found:

"The court finds and determines that it is for the best interests of the estate and all persons interested therein, that the order of the Probate Court appointing Donald Armstrong as administrator of this estate will be affirmed."

Judgment was given accordingly. Donald R. Armstrong was appointed administrator.

The trial court said in passing on the motion for a new trial that the qualifications of Mr. Armstrong were only attacked by written statements which had never been substantiated in any way; that the motion should be overruled.

Appellants in this court are Jim Boykin and Rush V. Smith and intervenors Bessie Cooner, in whose custody we placed the child, and The Planters State Bank, as guardian of the estate of James Francis Paronto, a minor. They have appealed from the judgment denying the motion of Bessie Cooner, legal guardian, and The Planters State Bank, guardian of the estate of James Francis Paronto, for leave to intervene; from the judgment rendered October 15, 1946, appointing Armstrong administrator and refusing to appoint Dean S. Landon, and from the order denying a new trial and all the other intermediate rulings and decisions.

The appellants argue that we should interpret G. S. 1945 Supp., 59-705, to the effect that the probate court was obliged under the circumstances to appoint Dean S. Landon administrator since he was the nominee of a creditor. Armstrong cites and relies on In re Estate of Grattan, supra. In that case the contest was between parties, one of whom desired a man designated in a will to be appointed executor while opposing parties urged the appointment of one who was not so designated.

The trial court in this action construed our statement in that case to mean that the probate court in the first instance in proceedings for the appointment of an administrator and the district court on appeal could under the provisions of G. S. 1945 Supp., 59-705, in the exercise of discretion, appoint any person desired. so long as the court should determine that it was for the best interests of the estate and all persons interested in the estate that administration be granted to that person. In this case the trial court made such a finding.

We said in In re Estate of Grattan, supra, that G. S. 1945 Supp.,

59-705, enlarged the discretionary power of the probate court in appointing administrators. We do not find it necessary to comment further upon that language here. There still remains the question of whether under all the surrounding facts and circumstances this case was one where the probate court in the first instance and the district court on appeal was entitled to exercise any discretion.. We shall consider that point.

The original notice of the hearing upon which all of .the proceedings are based was directed to James Francis Paronto and Donald R. Armstrong, as guardian. The statute provides for notice of the hearing of an application for administration by publication for three weeks and the mailing of a copy to each heir, devisee, legatee or guardian and ward. (See G. S. 1945 Supp., 59-2222 and 59-2209.) On the face of things the notice to James Francis Paronto, the three-year-old child, and Donald R. Armstrong, as guardian, complied with this section. The entire situation does not become plain, however, until we consider the further proceedings, including the defense filed by Armstrong in answer to that notice. He alleged first he was filing the defense as guardian and as the legal representative of James. Those were merely formal allegations, however. At the point in his pleading where he really sought to allege a defense to the petition for administration he stated that he, as legal representative of the sole heir at law of the decedent, was entitled to be appointed administrator of the estate. He was there seeking the appointment for himself, and relying on the appointment as guardian which he had procured by what we subsequently held amounted to fraud. See *Paronto v. Armstrong*, supra. He alleged nothing in reality as a representative of the minor. On the same day the petitioners asked that a guardian *ad litem* for the minor and sole heir be appointed. No such guardian *ad litem* was appointed. On the same day Armstrong was appointed administrator. Those proceedings were had just thirty days after Armstrong had been appointed guardian of the person and the estate of the minor without notice to anyone. Approximately fifteen days before the proceedings in this case were had, a habeas corpus proceeding had been filed in the supreme court involving the right of the Armstrongs to the custody of James. An appeal had been taken to the district court from the order appointing Armstrong guardian of the minor. It must have been apparent to the probate judge when hearing this petition that all questions involving the affairs of James Francis Paronto, the minor, and the

estate of his mother were controversial. The statute provides that the court may appoint a guardian *ad litem* in any proceeding to defend a party who is under legal disability. (See G. S. 1945 Supp., 59-2205.) Certainly James Francis Paronto was under legal disability on April 4, 1946, since he was only three years old. Armstrong pretended to file a defense for James but actually filed it on his own behalf. It is true the statute uses the word "may" appoint a guardian *ad litem* rather than "shall." In *Paronto v. Armstrong*, supra, in speaking of the appointment of Armstrong as guardian we referred to G. S. 1945 Supp., 59-2257 and 59-2259, which latter section provides for guardianship proceedings, and said:

"Under the quoted statute service should have been made upon the ward. A guardian *ad litem* should have been appointed for him, G. S. 1945 Supp., 59-2205, and notice should have been given to his nearest kindred. The probate code was constructed upon the plan of adversary, as distinct from ex parte procedure. Parties substantially affected by probate court rulings are entitled to be heard. Notice and an opportunity to be heard are essential to due process of law. We have not hesitated to strike an ex parte order made by a probate court which substantially affected the rights of a party. Here the care, support and education of a child three years of age, during his minority, as well as the care of his substantial fortune, were involved; also involved were the rights of the nearest kindred to the custody, care and education of the child. All of these were ignored by the ex parte order of the court appointing Donald Armstrong as guardian of the person and estate of the child. We regard the order as void." (p. 727.)

At the time this appointment of administrator was made there could not have been any doubt in the probate court's mind but that conflicting interests were presented by the issues. The actual question involved was not whether Donald R. Armstrong was entitled to be administrator of the estate because he had been appointed guardian. The actual issue was the best interests of the estate, and of the only heir and how best to safeguard them. Notice was sufficient under the statute but when Armstrong failed to file any pleading in behalf of the minor and the court refused to appoint a guardian *ad litem* the force and effect of that notice was lost. We hold it was an abuse of discretion on the part of the probate court to refuse to appoint a guardian *ad litem* for the minor so his interests could properly be presented. So far as the probate court is concerned nobody has yet appeared to defend the minor himself and his interests. The order of the probate court was of no higher standing than if it had been made without any notice whatever. We held in the case of *Paronto v. Armstrong*, supra,

that all the proceedings with reference to the guardianship were void and of no effect whatever, so that Armstrong was and is in reality a stranger to the proceedings.

G. S. 1945 Supp., 59-705, provides that letters of administration shall be granted to persons of certain classes, providing they are suitable and competent to discharge the trust. The section also provides in what order they shall be given preference. In the first designated class is "the surviving spouse." There was no surviving spouse here since Mrs. Paronto was a widow. Next in that class is named "the next of kin." The next of kin here was a three-year-old boy. · Obviously he could not be appointed. We have demonstrated, however, that it was the duty of the court to name a guardian *ad litem* for him. Had the court done this the guardian would have filed a pleading and selected some person on behalf of the minor and next of kin whom he wished, in compliance with the statute, to have appointed. The probate court would then have had the duty and power to exercise its discretion as to whether any such persons were incompetent or unsuitable. It would have been necessary, however, that this finding be based on evidence and not made by the court without any evidence whatever, as was the case here. If the court should have found the next of kin or the person selected by him to be incompetent or unsuitable or in case none of them accept the appointment, still the court would not have been free to appoint whomever it wished or thought suitable. The statute next provides that in the event of the happening of any of the above contingencies administration may be granted to one or more of the creditors or a nominee or nominees of them. This is a clear provision that next after the surviving spouse and next of kin, a creditor or creditors or their nominee are entitled to be named. In the event the court should determine that it is for the best interests of the estate and all persons interested in it that administration be granted to any other person whether interested or not, such person may be appointed. This determination must be based upon evidence, however. Here there was no evidence whatever offered in probate court that the nominee of Smith, the creditor, was incompetent or unsuitable to accept the trust. The next of kin was denied any opportunity to select an administrator through a guardian *ad litem*. There was no evidence whatever that it would be for the best interests of the estate and all persons interested in it to grant administration to some other person. Under such cimcumstances

the probate court should have granted administration to the nominee of the creditor.

An appeal was duly taken to the district court by the petitioners.

There the person in whose custody this court had placed James Francis Paronto, that is, his maternal grandmother, and The Planters State Bank of Salina, which had been appointed guardian of his estate, asked leave to intervene in the administration proceedings on behalf of James. In the intervening petitions tendered by them they disclosed that they intended to raise the point of the unfitness of Armstrong to be administrator of the estate, as well as the adjudication of the guardianship matter and the custody of James, which had been passed upon by this court in the meantime. (See *Paronto v. Armstrong*, supra.) They each asked that administration be granted to Dean S. Landon, the same person nominated by the creditor, one of the original petitioners. The motions for leave to intervene were denied by the district court. Neither Bessie Cooner nor the guardian of the minor's estate had appeared in the proceedings in probate court because their official status had not been established at that time. On appeal from the probate court the district court exercises the same jurisdiction as though the controversy had been commenced in that court and may allow pleadings to be filed or amended. (See G. S. 1945 Supp., 59-2408; *In re Estate of Pallister,* 159 Kan. 7, 152 P. 2d 61.) Had the appeal come on to be heard without the offer of intervention by Bessie Cooner and the bank or assuming for the sake of argument that no guardian of the estate of James Francis Paronto had been appointed it would have been the duty of the trial court to appoint a guardian *ad litem.* No such action was required here, however, since there was a duly appointed guardian asking to be allowed to plead for the minor. The statute provides that "The guardian of the estate shall (1) prosecute and defend for his ward . . . (5) possess and manage the estate . . ." (See G. S. 1945 Supp., 59-1804.) It was the duty of the bank that had been appointed guardian to intervene in this proceeding and to represent the minor. It was the duty of the district court to permit it to intervene.

At the time the cause was finally submitted to the trial court, the only creditor had requested the appointment of Dean S. Landon. The duly appointed, qualified and acting guardian of the estate of the next of kin and the custodian of the person of the next of kin had both filed pleadings stating that had they been permitted to

intervene they would have requested the appointment of Landon. The trial court on substantial evidence found that he was fully qualified to accept the trust.

On appeal the district court is bound by the provision of G. S. 1945 Supp., 59-705, just as we have demonstrated the probate court was bound. There was ample evidence to sustain the finding as to the qualifications of Landon. There was no evidence one way or the other as to the qualifications of Armstrong. This court, however, had held his appointment as guardian void. This had been done at the time of the hearing in district court. It was called to the attention of the trial court. Armstrong was a stranger to all the proceedings at the time of the trial court's final action.

The trial court concluded that it had the same general power and jurisdiction as though the controversy had been commenced in that court and as though it had original jurisdiction. In this it was correct. (See G. S. 1945 Supp., 59-2408.)

The trial court, however, apparently had a mistaken conception of its duty under G. S. 1945 Supp., 59-705. The judge stated that the district court should not overrule or interfere with the judgment of the probate court. It was the duty of the district court to hear the entire matter on the merits and to form an independent judgment of its own as to the facts and the law. This must be the rule or there would be no use of the statutory provisions allowing the district court to permit the filing of new pleadings and the introduction of evidence, as was done in the district court. The burden was not on the petitioners nor either one of the intervenors to prove that Armstrong was not fully qualified to accept the trust. He had not been nominated or selected by anyone but himself. Once the trial court found as a matter of fact that Landon, the man selected by the creditor, and who would have been selected by the guardian of the next of kin, was fully qualified, it became the court's duty to grant administration to him. This matter should be settled without further litigation.

The judgment of the trial court is reversed with directions to transmit the entire record to the probate court and to direct that court to permit the guardian of the estate and the custodian leave to intervene and to proceed with the administration of the estate in accordance with the views expressed herein.