No. 37,145

In the Matter of the Estate of Mary Belle West, Deceased (EDWARD C. WEST, *Appellee*, v. REBECCA GIBSON, LLOYD JACKSON, DAVIS JACKSON, LOUIS S. JACKSON and ELLA C. LAYNE, *Appellants*).

(195 P. 2d 616)

Opinion filed July 10, 1948.

*Manford Holly,* of Wichita, argued the cause, and *Howard T. Fleeson, Homer V. Gooing, Wayne Coulson, Paul R. Kitch* and *Dale M. Stucky,* all of Wichita, were with him on the briefs for the appellants.

*James A. Williams,* of Dodge City, argued the cause and *Carl Van Riper,* of Dodge City, was with him on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, J.: This is an appeal from an order and judgment of the district court appointing an administrator of an estate.

Mary Belle West died intestate on June 2, 1946, a resident of Gray county. She left as her heirs at law her husband, Edward C. West, and five children, the issue of a former marriage. Within a short time after Mrs. West's death Ella C. Layne, one of her daughters, filed a petition in the probate court of Gray county for administration of her mother's estate alleging that the latter was the owner of certain real and personal property on the date of her death and asking that Louis S. Jackson, a son of the decedent, be appointed as administrator. The surviving husband then filed an answer to this petition in which he denied that Mrs. West owned any property at the time of her death, or that there was any necessity for administration but requested that he be appointed administrator of her estate if the court should find administration thereof was necessary.

On June 17, 1947, Mr. West withdrew his objections to administration and waived his right to serve as administrator. A hearing was then had on the Layne petition at which time evidence was introduced by the interested parties. Subsequently the probate court found Louis S. Jackson to be unsuitable to act as administrator and directed the issuance of letters of administration to A. V. Hanna, a person having no interest in the estate. In due time Mrs. West's children, and each of them, appealed from such order and judgment to the district court of Gray county.

No further reference need be made with respect to probate proceedings. Nor is it necessary to discuss the reasons assigned by the probate judge for the appointment of a stranger as administrator. On an appeal from the probate court the district court possesses the same jurisdiction the probate court had in the original proceeding. With respect to the matter appealed from new pleadings may be filed, additional evidence may be introduced and the cause is tried and judgment rendered *de novo* (G. S. 1947 Supp., 59-2408; *In re Estate of Pallister*, 159 Kan. 7, 152 P. 2d 61; *In re Estate of Paronto*, 163 Kan. 85, 95, 180 P. 2d 302).

In the district court Mr. West filed an amended answer. That pleading contained all the denials and allegations of fact made by him in his answer. In addition it alleged that as the surviving

spouse he should be permitted to select some person to act as administrator and designated A. V. Hanna as his choice for the position.

With pleadings in form as heretofore related the appeal come on for hearing in district court. At the close of the trial that tribunal required the parties to file briefs and took the cause under advisement. It rendered judgment on November 7, 1947. In its judgment it found that administration proceedings should be had upon Mrs. West's estate; that Mr. West had voluntarily withdrawn his claim to be appointed administrator of the estate and had selected A. V. Hanna, a stranger to the proceeding for the trust; that Mrs. West's next of kin had not designated or selected any persons other than Louis S. Jackson to act in that capacity; that no creditor or creditors had asked or nominated any person to be appointed to such position; that there was ill feeling and hostility between Mr. Jackson and Mr. West and that Jackson was unsuitable to act as administrator; that it was to the best interest of the estate and all persons interested therein that administration be granted to some other person whether interested in the estate or not, and that A. V. Hanna was a suitable and proper person to whom letters of administration could and should be issued. It then appointed Mr. Hanna as administrator of the estate.

Following the rendition of the foregoing judgment in district court Mrs. West's five children filed a motion for new trial. When it was overruled they perfected this appeal.

From what has been heretofore related it becomes apparent the all-inclusive issue presented for appellate review is the propriety of the district court's appointment of A. V. Hanna as administrator, and obvious that a determination of that question requires a construction of the statute governing the appointment of such fiduciaries. The applicable section, G. S. 1947 Supp. 59-705, reads:

"Administration of the estate of a person dying intestate shall be granted to one or more of the persons hereinafter mentioned, suitable and competent to discharge the trust, and in the following order: (1) The surviving spouse or next of kin, or both, as the court may determine, or some person or persons selected by them or any of them. (2) If all such persons are incompetent or unsuitable, or do not accept, administration may be granted to one or more of the creditors, or to a nominee or nominees thereof. (3) Whenever the court determines that it is for the best interests of the estate and all persons interested therein, administration may be granted to any other person, whether interested in the estate or not."

Appellants first contend the trial court erred in its holding and judgment that Louis S. Jackson was unsuitable to act as administrator. Resort to the journal entry of judgment reveals the specific findings upon which this particular phase of the judgment was based read:

"The Court further Finds that there is ill-feeling between said Louis S. Jackson and Edward C. West, the surviving spouse of said decedent, that there is hostility between said persons, and that said Louis S. Jackson harbours a hostile feeling and attitude toward said Edward C. West; that said Louis S. Jackson has already made up his mind to the effect that Edward C. West conceals and secretes property belonging to the estate of Mary Belle West, and that if appointed Administrator said Louis S. Jackson would forthwith try to recover the same."

We have little difficulty in concluding the foregoing findings were sufficient to uphold the trial court's judgment on the point in question. Under our statute a person who seeks appointment as an administrator at the hands of a proper court must be both competent and suitable. He may be competent. He may not be disqualified. Even so in the eyes of the appointing power he may not be a suitable person. By its use of the word "suitable" we think the legislature intended to and did vest the probate courts, and on appeal the district courts, of this state, with discretionary power in determining whether persons were unsuitable to act as administrators which when exercised must be upheld unless abused. Clearly, with factual findings such as have just been quoted, which we pause to add are clearly supported by evidence to be found in the record, it cannot be said the trial court abused its discretion in refusing to appoint Mr. Jackson as administrator on the ground he was an unsuitable person to discharge the trust.

It is next urged that the district court erred in appointing A. V. Hanna as administrator. Let us see. Under the first classification of the statute heretofore quoted the court had a right to appoint the surviving spouse or next of kin, or both, as it might determine, or some person or persons selected by them or any of them. The surviving spouse had waived his right to the appointment. One of the next of kin, as we have seen, had properly been found to be unsuitable. None of the remaining next of kin had applied for appointment nor had they requested the appointment of anyone else as suitable and competent. The surviving spouse had selected Mr. Hanna and asked his appointment. The court was not obliged to

go out among the next of kin and solicit them to become applicants for appointment as administrator. Its duty was to determine whether there were any persons seeking appointment or properly selected who were suitable and competent for the position under the first class set up by the statute and if so appoint the person or persons who were eligible for the appointment pursuant to its terms. All interested parties were in court. The surviving husband had waived his personal right to the appointment in writing. All the next of kin, except Jackson who had been found unsuitable had waived their rights by failing to claim them. Moreover by similar inaction they had waived their rights to select someone for the position. In that situation the only person entitled to consideration for appointment in class one was the person selected by the surviving spouse. Once it was determined that person was suitable and competent to discharge the trust the statute required his appointment.

The appellants insist that under classification one a court has no power or authority to appoint a person selected by the surviving spouse as an administrator without finding that all of the next of kin of the decedent are incompetent or unsuitable. We do not agree. On the contrary no such finding is necessary. We hold that in determining who, if anyone, is entitled to be appointed administrator in that class, all the statute requires is that the court having the right to make the appointment give consideration to those persons within the purview of its terms who have made application, or such other persons as have been selected by them, for the position.

Other claims made by appellants to the effect Mr. West could not nominate or select an administrator because (1) he had waived his own right to the appointment, and (2) was disqualified to serve in that capacity, are so lacking in merit as to require little attention or discussion. The first of these contentions completely ignores the fact that under our statute selection of another person to serve as administrator by a person entitled to the appointment is a waiver of the nominator's own personal right to the position. The second not only assumes that disagreement between the surviving husband and the next of kin of a deceased woman as to the extent of her estate in and of itself disqualifies the husband from acting as her administrator but, so far as we have been able to discern from the record, seeks to raise an issue which was not submitted, considered or determined in the court below.

In support of their all-inclusive contention the district court erred in appointing Mr. Hanna as administrator appellants place great weight upon the fourth paragraph of the syllabus in *In re Estate of Paronto*, 163 Kan. 85, 180 P. 2d 302, where it was held:

"G. S. 1945 Supp., 59-705, pertaining to granting administration of an estate fixes an order of three classifications under which a suitable and competent person to discharge the trust shall be appointed, and the court has no power or authority to appoint any person named in any lower classification unless it shall first find that none of the persons authorized to be appointed under all prior classifications are incompetent or unsuitable or do not accept the trust." (Syl. ¶ 4.)

One need only read the foregoing quotation to realize it refers to the three classifications set up by G. S. 1947 Supp., 59-705, and has no direct application to the classes of persons eligible for appointment as administrators under the first classification of such section. Be that as it may, we are constrained to say that it should be read in the light of the particular facts of the case to which it directly applies and construed in harmony with what is said in its opinion with respect thereto. Likewise add it is implicit in such syllabus that reference is made only to those who seek to be appointed to the position of administrator and not those who might be entitled thereto had they applied.

We are fully aware it appears from the record that Mr. Hanna's appointment as administrator was made upon the theory it was authorized under the third classification. Even though it be assumed the appellants are correct in contending the judgment is erroneous because predicated upon that premise, it follows and must be held, in view of what has been heretofore stated with respect to classification one, it must be upheld.

Under our repeated decisions the assertion by the trial court of a wrong reason for a correct result does not render a judgment reversible. See, *e. g., City of Wichita v. Boles*, 156 Kan. 619, 135 P. 2d 542; *Goodloe v. Jo-Mar Dairies Co.*, 163 Kan. 611, 185 P. 2d 158, and cases cited in both decisions.

The judgment is affirmed.