No. 37,732

In the Matter of the Estate of W. O. James, Deceased (C. C. Fetty, Administrator, et al., *Appellees,* v. Vernon O. Walters, Mazella M. Walters, Alice M. Ramsey, Floyd C. Ramsey and Mary Margaret Clevenger, *Appellants.*)

(211 P. 2d 123)

Opinion filed November 12, 1949.

*L. J. Bond* and *Robert M. Bond,* both of El Dorado, argued the cause, and were on the briefs for the appellants.

*K. M. Geddes* and *George J. Benson,* both of El Dorado, argued the cause, and *George S. Benson* and *Page W. Benson,* both of El Dorado, were with them on the briefs for the appellees.

The opinion of the court was delivered by

Parker, J.: This is an appeal from an order appointing an administrator *de bonis non cum testamento annexo.*

W. O. James, a wealthy resident of Butler county, died on the 28th day of March, 1947, without a wife or children, leaving a last will and testament wherein he named G. L. Ramsey as his executor and by the terms of which he devised and bequeathed the major portion, if not all, of his property to persons other than his heirs at law.

Thereafter, G. L. Ramsey was appointed and qualified as executor of the estate of such decedent by the probate court of Butler county

and acted in that capacity until his death which occurred August 25, 1948. On that date the estate was still in process of administration. However, it is undisputed the major portion of its assets had been distributed by delivery to legatees of the property to which they were entitled under the terms of the will.

Shortly after Mr. Ramsey's death some of Mr. James' next of kin petitioned the probate court for appointment of C. C. Fetty as administrator d. b. n., c. t. a. to complete the administration of their deceased relative's estate. At or about the same time one of his next of kin, some of his devisees and legatees, and Alice M. Ramsey, widow of the deceased executor, filed a petition in the same court asking that such widow be appointed administrator d. b. n., c. t. a. While it is not regarded as important it should perhaps be stated at this point that for purposes of appellate review, due to maneuvering in both probate and district courts, the persons now insisting upon the appointment of Mr. Fetty are all the known heirs at law and next of kin of Mr. James and two of the legatees named in his will while the five individuals seeking the appointment of Mrs. Ramsey are four of the principal legatees and Mrs. Ramsey herself.

After giving consideration to each of the petitions to which we have heretofore referred the probate court appointed Mr. Fetty as administrator. Thereupon, the persons asking for Mrs. Ramsey's appointment appealed. Upon trial of the appeal in district court that tribunal heard the case *de novo* and, although it found each suggested fiduciary was qualified and competent, appointed C. C. Fetty as administrator *de bonis non cum testamento annexo* of the estate of W. O. James, deased. The unsuccessful petitioners then perfected this appeal.

At the outset we are met with a contention which must be disposed of before the merits of this case are entitled to consideration. Appellees insist the appellants have no right to maintain their appeal and therefore that it should be dismissed. In support of their position they point out that Mrs. Ramsey was neither heir nor legatee of W. O. James and the other four appellants had received their legacies in full. From this they conclude appellants are not aggrieved persons under the probate code (G. S. 1947 Supp. 59-2404). To uphold this contention would require too strict a construction of its terms. In the first place G. S. 1947 Supp. 59-2401 expressly provides that an appeal may be taken from an order refusing to appoint a fiduciary. In the next it cannot be said appellants were not ag-

grieved within the meaning of that term as used in the section first cited. Mrs. Ramsey claimed the right to be appointed and the other four appellants the right to choose the fiduciary. Under such circumstances even though it might be eventually held their claims were ill-grounded all of the appellants were interested parties and had the right of appeal.

Due to the fact that counsel for the respective parties with commendable candor, both in their briefs and arguments, frankly confess that except for the one just decided the only question involved in this case is whether the district court committed error in appointing C. C. Fetty as administrator the foregoing brief factual statement, gleaned from a record replete with proceedings had in both the probate and district courts, is all that is required for a proper understanding and decision of the issue presented for appellate review.

From the facts and the issue as stated it becomes immediately apparent the all important point we have to decide depends upon our answer to the following question: Under the law of this state as it now exists who, if anyone, has the right to dictate the appointment of an administrator *de bonis non cum testamento annexo* in probate court or on appeal in district court? So far as we have been able to determine this is the first time, since the enactment of Kansas probate code in 1939, an answer to this question has been sought. We have, it is true, passed upon the right of an individual to be named executor under a last will and testament (*In re Estate of Grattan,* 155 Kan. 839, 130 P. 2d 580) and his right to be appointed as administrator of an intestate estate (*In re Estate of Paronto,* 163 Kan. 85, 180 P. 2d 302; *In re Estate of West,* 165 Kan. 483, 195 P. 2d 616), but the question with which we are now confronted is one of first impression and there is nothing in the decisions just cited which can be construed as decisive of its answer.

G. S. 1947 Supp. 59-708, expressly authorizes the appointment of an administrator d. b. n., or d. b. n., c. t. a. It reads:

"If the authority of the sole or surviving executor or administrator terminates before the estate is fully administered, a new administrator shall be appointed to administer the estate not already administered. Such successor shall have the same power and duties as his predecessor."

We note this section is wholly silent as to who should be appointed to administer a testate decedent's estate where the executor named by him in his last will and testament has been appointed

but dies prior to the date its affairs have been fully administered and add that we find nothing elsewhere in the statute which makes provisions for such a contingency.

Appellees suggest the legislature intended and we should hold that G. S. 1947 Supp. 59-705, providing for administration of the estate of persons dying intestate, should be regarded as applicable in such an event. We do not agree. This section of the statute specifies the particular situation to which it has application and if the legislature had intended others, including one of the type here involved, it is our view it would have said so in plain and unequivocal language.

Appellants vigorously contend that in the absence of express statute to the contrary the rule is that those having the greater or more beneficial interest under the terms of a will must be accorded the right to appoint an administrator d. b. n., c. t. a. We observe from the authorities cited by them and others which our research has disclosed (see 34 C. J. S. 1275, 1276, 1286, 1287, 1288, §§ 1019, 1031, [1] [2] [4] ; 21 Am. Jur. 815, § 788; 164 A. L. R., anno, 844 to 867 incl.), the decisions dealing with the right of appointment are far from harmonious. A close analysis of the cases listed under the general statements to be found in the foregoing authorities will reveal that some of them are based on express statutory language, some adhere to the rule of greater interest, others to the principle the residuary legatee usually is preferred before all other persons even though he is not specifically named in the will and still others that the question of greater interest rests in the sound discretion of the trial court. But we need not labor such decisions. Conceding that some authorities support appellants' position the rule of greater interest dictates the appointment of an administrator d. b. n., c. t. a. we refuse to follow them or adopt such a doctrine.

In our opinion a sounder rule is, and we now hold, that in the absence of an express statutory directive compelling different action on the part of the tribunal vested with statutory power to make it, the appointment of an administrator d. b. n., c. t. a., rests in the sound judicial discretion of the probate court in the first instance and on appeal in the district court. It follows that neither legatees, having the greater or more beneficial interest, nor heirs at law of a testate decedent, have the right to dictate the appointment of such a fiduciary in this jurisdiction.

From our careful examination of the record we are convinced it cannot be said the appellants have established abuse of discretion

on the part of the trial court in appointing C. C. Fetty as administrator, d. b. n., c. t. a., of the estate of W. O. James, deceased. Therefore, under the established rule that a discretionary judgment by a trial court will not be disturbed in the absence of a clear showing of abuse of discretion, its action in that respect must be approved.

This notwithstanding appellants claim the trial court erred in holding that since they had received their legacies they had no further interest in the estate. Whether this conclusion was warranted or not under the existing factual situation it is not decisive. Elsewhere in its judgment the court found that Fetty was a competent person, exercised its discretion, and definitely indicated its preference by appointing him. This is all that was required to sustain its action. Besides the assertion by a trial court of a wrong reason for a correct result does not render a judgment reversible. See, *e. g., City of Wichita v. Boles,* 156 Kan. 619, 135 P. 2d 542 and page 488 of the opinion in *In re Estate of West,* supra.

The judgment is affirmed.