No. 37,706

In re Estate of Elmer Anderson, Deceased. (HANNAH NYQUIST, *Appellant,* v. WILL ANDERSON, et al., *Appellees.*)

(212 P. 2d 375)

Opinion filed December 10, 1949.

*B. C. Pickering,* of Wamego, was on the briefs for the appellant.

*E. C. Brookens* and *John W. Brookens,* both of Westmoreland, and *Douglas Hudson, Howard Hudson,* and *Douglas G. Hudson,* all of Fort Scott, were on the briefs for the appellees.

The opinion of the court was delivered by

WEDELL, J.: This appeal involves the validity of an appointment of an administrator of a decedent's estate.

Appellant, sister of the decedent, contends she should have been appointed. The probate and district courts denied her petition and appointed a person wholly disinterested in the estate in response to a counter petition filed by seven appellees, all the other heirs at law. Appellees are two brothers and five nephews and nieces. The qualifications of the person appointed are not in dispute.

The real questions presented are whether the probate court was compelled to appoint appellant, one of the next of kin, or whether it had the power to exercise sound judicial discretion in the premises and, if so, whether it abused such discretion.

Elmer Anderson died intestate, a resident of Pottawatomie county. As stated, he left surviving him eight heirs at law: One sister, the appellant; two brothers and five nephews and nieces, appellees.

In the petition for the appointment of appellant it was alleged decedent at his death owned property of the following probable value: Personal property, $5,000; real estate, $22,500 with a probable annual income of $1,200. There was considerable unfriendly feeling among most, if not all, of the appellees towards appellant. Some of them testified they did not trust her. From the evidence of appellees it is quite apparent some of them did not regard her as competent and none of them regarded her as a desirable or suitable administratrix.

Part of this attitude arose from her conduct as administratrix of the estate of Oscar Anderson, deceased, another brother, in which estate the instant estate of Elmer Anderson had a one-half interest and appellant had the other half. The Oscar Anderson estate remains in the process of administration. Appellant is indebted to the Elmer Anderson estate in an unliquidated amount of a least $4,000. It appears she first denied such indebtedness in the probate court and later admitted the same. Appellant was also preparing to assert a claim against the estate of Elmer Anderson of at least $4,000 and possibly for a larger amount.

The district court found the facts previously stated concerning appellant's indebtedness to and her claim against the estate of Elmer Anderson; that appellant was the administratrix of the Oscar Anderson estate in process of administration; the Elmer Anderson

estate had the interest, previously stated, in the Oscar Anderson estate; all heirs at law of Elmer Anderson, deceased, except appellant, objected to the appointment of appellant and joined in the petition for the appointment of Jesse W. Yantiss, a banker of Cleburne, Riley county; the latter was a satisfactory, competent and suitable person to be appointed and appellant was not a suitable or proper person to administer decedent's estate.

Appellant contends the evidence does not support the finding she was not a competent or suitable person and the action of the district court in refusing to appoint her was oppressive and arbitrary. We cannot agree. There was substantial evidence to support the trial court's finding. Where that is true this court will not disturb the finding on appeal.

From the record presented here it is quite apparent considerable estrangement existed between appellant and appellees. An examination of the record discloses probably the most generous thing that could be said is appellees lacked confidence in appellant to act for the best interests of the estate and all the heirs. Appellant was clearly a controversial figure. Her interests were adverse to those of the estate and the other heirs. A statement of one of the appellees is indicative. Referring to appellant the witness said:

"Hannah Nyquist don't seem to remember what she borrowed from the estate."

It is, of course, the duty of an administrator to represent the interests of the decedent's estate and not his own. An administrator should not be placed in a position in which he is torn between a legal duty to protect the estate and a natural desire to advance his own interests. Here appellant admitted she would file a claim for an undetermined amount, probably in excess of $4,000, a claim for more than she admitted owing the estate. It is clear the amount she owed the estate and the amount of her claim were to be contested. The expressed lack of confidence and distrust of appellant by some of the heirs might have been sufficient grounds under the circumstances for the denial of her appointment. That point need not be determined. Certainly, however, the general feeling of all other heirs towards appellant combined with the circumstances of her indebtedness to and her claim against the estate were sufficient to support the finding she would be an unsuitable administratrix. (*In re Estate of West*, 165 Kan. 483, 486, 195 P. 2d 616.) In *Justice v. Wilkins*, 251 Ill. 13, 17, 95 N. E. 1025, it was well said:

"In passing upon the application of two or more persons equally entitled to administer, a large discretion must necessarily be left to the court appointing. The office of administrator is one of trust and confidence, and should not ordinarily be committed to one, if any choice is permitted by the statute, who has a special interest opposed to the interests of the other heirs." (p. 17.)

See, also, extended annotation on subject in 1 A. L. R. 1245. A person who possesses personal qualifications as to education, ability, character, etc., is not necessarily a suitable person where he is of necessity a partisan of one faction in a contest of the character here presented. (*In re Estate of Tracy*, 214 Ia. 881, 883, 243 N. W. 309.)

See general treatment of subject in 1 Bartlett's Kansas Probate Law and Practice, § 541.

Here we have two antagonistic factions among the heirs. It was obvious to the trial court, as it is to us, that a just, fair and equitable administration of the estate would require a firm and impartial hand to conserve the estate and promote the just interests of all concerned. A qualified disinterested person was a wise choice under these circumstances.

Appellant argues the new probate code, G. S. 1947 Supp. 59-705 compels the appointment of next of kin. We cannot agree. The statute reads:

"Administration of the estate of a person dying intestate shall be granted to one or more of the persons hereinafter mentioned, suitable and competent to discharge the trust, and in the following order: (1) The surviving spouse or next of kin, or both, as the court may determine, or some person or persons selected by them or any of them. (2) If all such persons are incompetent or unsuitable, or do not accept, administration may be granted to one or more of the creditors, or to a nominee or nominees thereof. (3) Whenever the court determines that it is for the best interests of the estate and all persons interested therein, administration may be graned to any other person, whether interested in the estate or not."

Even prior to the enactment of the new probate code this court in *Brown v. Dunlap*, 70 Kan. 668, 79 Pac. 145, said:

"Whether the plaintiff in error was the next of kin, and therefore entitled, as a matter of law, to be appointed administrator of the estate, we are not called upon to decide. The court found that he was not a suitable person to administer the estate and refused to appoint him. Such finding is conclusive unless we can say that there was no substantial evidence to support it." (p. 671.)

Touching this quotation and comment on the rule announced in the Brown case and the possible intention to enlarge the discretion of the probate court under the new code see the rather recent case

of *In re Estate of Grattan,* 155 Kan. 839, 850, 130 P. 2d 580. The same rule has been announced in other jurisdictions. (*Waverly Trust Co., Petitioner,* 268 Mass. 181, 167 N. E. 274, as follows:

"While the legislative enumeration of classes and preferences is strong, it is not aboslutely imperative. It has an element of flexibility to 'the extent that for sound judicial reasons appealing to the wisdom and conscience of the judge the statutory order of precedence may be varied and some other suitable person be appointed, provided the interests of all parties concerned will be promoted thereby." (p. 184.)

Referring again to the first classification in the foregoing statute it may be well to state: There was no surviving spouse; none of the brothers, nephews or nieces desired the appointment for himself; they all opposed appellant's appointment and joined in the selection of a wholly disinterested person.

Since there was substantial testimony with respect to appellant's unsuitability she did not qualify under the preference classification of the statute. In order to be entitled to the appointment it was necessary that she be not only competent, but suitable as well. (*In re Estate of West,* supra, p. 486.) In determining the question of suitability the court of necessity was vested with discretionary power. (*In re Estate of Grattan,* supra, p. 850; *In re Estate of Paronto,* 163 Kan. 85, 180 P. 2d 302; *In re Estate of West,* supra; *In re Estate of James,* 168 Kan. 165, 211 P. 2d 123.) No abuse of the exercise of such power appearing the judgment must be affirmed. It is so ordered.